UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James Bohm | Anne Dwyer |

**Proceedings:** CHRISTINE LAMBERT'S MOTION TO DISMISS (Filed January 10, 2017, Dkt. 7)

## I.   INTRODUCTION

On November 23, 2016, plaintiff Ryan Lewis filed a complaint in Los Angeles County Superior Court against defendants Travertine, Inc. ("Travertine") and Christine Lambert. Dkt. 1, Ex. 1. Plaintiff's complaint alleges four claims, namely, (1) wrongful termination in violation of public policy; (2) retaliatory termination in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. and in violation of the California Family Rights Act ("CFRA"), California Government Code, § 12945.2; (3) failure to pay wages in violation of California Labor Code § 203; and (4) intentional infliction of emotional distress. Dkt. 1, Ex. 1. Only plaintiff's fourth claim is alleged against Lambert.

On January 3, 2017, defendants removed this action to federal court based on federal question jurisdiction. Dkt. 1, Notice of Removal.

On January 10, 2017, Lambert filed the instant motion to dismiss for lack of personal jurisdiction. Dkt. 7. On February 6, 2017, plaintiff filed an opposition. Dkt. 11. On February 10, 2017, Lambert filed a reply. Dkt. 13.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

## II. BACKGROUND

### A. Plaintiff's Claims

Plaintiff alleges that he was wrongfully terminated by Travertine and that Travertine failed to make various payments to which he was entitled. Plaintiff also alleges that Travertine, and its president, Lambert, intentionally caused him emotional distress.

Travertine is a corporation that fabricates and installs elevator cab interiors. Dkt. 1, Ex. 1, Compl. ¶ 2. Lambert is the president of Travertine. Id. ¶ 3. Plaintiff was hired by Travertine in or about May, 2010. Id. ¶ 12. Plaintiff lives in Arizona but worked at Travertine's office in California. Id. ¶ 13. Plaintiff flew back and forth between Arizona and California and sold elevator cab interiors. Id. ¶ 12.

On or about Monday, October 3, 2016, plaintiff notified Travertine's Vice President of Sales and Marketing, Kevin Moore, that plaintiff's wife had a breast lump that might be cancerous and that plaintiff needed the following day off to accompany his wife to an "imaging/scanning medical appointment." Id. ¶ 14. Plaintiff offered to use a personal day. Id. He also notified Travertine that there might be a possible follow-up biopsy the following day, October 5, and offered to go to California for a half day thereon. Id. Travertine denied plaintiff's request and insisted that plaintiff go to California on Tuesday, October 4, and stay there until at least Wednesday, October 5. Id. ¶ 15.

Plaintiff did not travel to work in California and, instead, stayed with his wife in Arizona. On October 4, 2016, Lambert called plaintiff during his wife's medical appointment. Id. When plaintiff called Lambert back after the medical appointment, Lambert terminated him. Id. Travertine stated that it would pay plaintiff's salary through October 7, but plaintiff claims that he is still owed the following: a week's worth of pay, at least two weeks of vacation pay, and at least $7,000 in commissions. Id. ¶¶ 16-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

In relation to this motion, the parties have submitted several declarations. For background purposes, the Court will summarize their contentions here.[1]

**B.     Lambert's Contacts with the Forum of California**

Lambert is a resident and citizen of Oklahoma, where she lives and works. Lambert Decl. ¶ 2. Lambert claims she does not own any personal or real property in California. Id. Plaintiff claims that Lambert owns part of Travertine, which has an office in California. Leiws Decl. ¶¶ 3-4.

Lambert regularly makes telephone calls with Travertine's employees in California. Before July 2016, she spoke on the phone with a project manager in California once or twice per month. After August 2016, Lambert spoke with a sales representative in California once or twice a week. Lambert Decl. ¶¶ 3-4.

The parties appear to dispute how often Lambert travelled to California. Plaintiff, on information and belief, states that Lambert went to California three times on business matters in 2016. Lewis Decl. ¶ 5. However, Lambert states that she had never been to California for work prior to December 2016, when she made her first such trip. Lambert Decl. ¶ 5.

**C. Lambert's Contacts with Plaintiff**

Lambert never had any meetings with plaintiff in California. Lambert Decl. ¶ 7. However, plaintiff claims that he spoke with Lambert while he was physically present in California "dozens of times over the phone" about company business, Lewis Decl. ¶ 5, that he worked on resolving issues at Lambert's direct request when he was in California, id., and that Lambert called him on multiple occasions to discuss her

---

[1] Lambert submits numerous evidentiary objections to the declarations of Freeman and Lewis. See Dkt. 13. Generally, Lambert objects that the Freeman and Lewis declarations contain inadmissible hearsay, irrelevant material, and opinions and conclusions for which there is inadequate foundation. Insofar as the Court's reasoning relies upon any evidence offered by the parties, the Court will resolve the foregoing objections in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

directions for the California office, id. ¶ 7. In contrast, Lambert claims that she had minimal contact with plaintiff and spoke to him roughly three times, aside from communications concerning plaintiff's termination. Lambert Decl. ¶ 7. She states that Travertine's telephone records show Lambert and plaintiff had seven telephone calls in 2016, and that he was in Arizona when each call occurred. Lambert Supplemental Decl. ¶ 7.

Plaintiff states that when Moore refused plaintiff's request for time off, Moore was very clear that Lambert was directing Moore's actions. Lewis Decl. ¶ 13. When plaintiff called Lambert back on or around October 4, 2016 and she subsequently terminated him, Lambert understood plaintiff as being in Arizona. Lambert Decl. ¶ 8.

### III. LEGAL STANDARDS

Lambert contends that this Court cannot exercise personal jurisdiction over her.

The exercise of personal jurisdiction over a non-resident defendant must be authorized by a rule or statute and it must be consonant with the constitutional principles of due process. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th. Cir. 2002). California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446–47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir.2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
> (2) The claim must arise out of or result from the defendant's forum-related activities; and
> (3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir.2004). If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Id. (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth, 942 F.2d at 623.

Where, as here, a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495,

Case 2:17-cv-00016-CAS-JC   Document 14   Filed 02/27/17   Page 6 of 10   Page ID #:177

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

1498 (9th Cir.1995); Doe v. Unocal Corp., 27 F.Supp.2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996); Unocal, 27 F.Supp.2d at 1181.

## IV.   DISCUSSION

### A.   General Jurisdiction

The standard for finding general jurisdiction over a party is exacting because "a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). The "paradigm forum" for the exercise of general jurisdiction over an individual is the individual's domicile. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).

Plaintiff argues that the Court has general jurisdiction over Lambert because of Lambert's contacts with California on behalf of Travertine. Specifically, plaintiff argues that Lambert's regular phone calls to Travertine employees in California, direction of Travertine's business in California, and two trips to California[2] support a finding of

---

[2] Lambert claims to have only visited California once on behalf of Travertine and once on a personal trip. Lambert Supplemental Decl. ¶ 5. Plaintiff claims that Lambert has made three trips to California. Lewis Decl. ¶ 5. The parties agree that one such trip occurred after Lewis had been fired. Regarding other trip(s), plaintiff claims that in March 2016, Lambert's husband told him Lambert was in the San Francisco area. Id. Plaintiff further claims that in September 2016, Lambert told him she went to San Francisco "earlier that year." Id. Plaintiff claims that the foregoing statements describe two different trips to California in 2016. However, the hearsay statements upon which Lewis relies are not necessarily inconsistent with Lambert's own declaration that she made one, personal trip to California in early 2016.

Lambert objects to Lewis's claims about Lambert's travel because Lewis lacks personal knowledge and has based his declaration upon inadmissible hearsay. Lambert's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

general jurisdiction. However, the foregoing cannot support a finding of general jurisdiction because of the fiduciary shield doctrine.

The fiduciary shield doctrine prevents an individual from being subject to personal jurisdiction for mere association with a corporation that causes injury in the forum state. Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc., 880 F.Supp. 743, 750 (C.D. Cal. 1995). Under the fiduciary shield doctrine, the mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are also locally suable. j2 Global Communications, Inc. v. Blue Jay, Inc., No. C 08-4254, 2009 WL 29905, at * 5 (N.D. Cal. Jan. 5, 2009).

Plaintiff argues that the Court has general jurisdiction over Lambert because she was the "guiding spirit" of Travertine's conduct in California such that the Court may disregard the fiduciary shield doctrine. Opp'n at 7 (citing Indiana Plumbing, 880 F. Supp. at 750). "The jurisprudential contours of what reasons suffice for the court to disregard the corporate form for jurisdictional purposes are somewhat indistinct." Davis v. Metro Productions, 885 F.2d 515, 520 (9th Cir. 1989). However, cases considering whether a defendant was the "guiding spirit" of their corporate employer's tortious acts have focused on whether jurisdiction could be based upon the defendant's role "in the challenged corporate activity." Indiana Plumbing Supply, 880 F. Supp. at 750; see also Davis, 885 F.2d at 522. In other words, there may be a basis for disregarding the fiduciary shield doctrine where the party would otherwise be subject to *specific jurisdiction* because claims arise out of an employee's contacts with the forum.

Here, plaintiff seeks a finding of *general jurisdiction* over Lambert based upon her contacts with California as an employee of Travertine that are unrelated to plaintiff's claims – calls to other employees, her title at the company, and two business trips to California. However, the Court can discern no authority for such a finding. Jurisdiction must be based upon the corporate officer's personal contact with a forum "relative to this dispute." Davis, 885 F.2d at 522. Where the minimum contacts at issue do not support

---

objection is sustained. Lewis's assumption that Lambert took two trips to California prior to September 2016 belies a problem with Lewis's declaration – even if the hearsay upon which he bases his information is admissible, Lewis has no basis for knowing whether Lambert and her husband were describing separate trips. Accordingly, the only admissible evidence suggests Lambert has made two trips to California in the past.

Case 2:17-cv-00016-CAS-JC   Document 14   Filed 02/27/17   Page 8 of 10   Page ID #:179

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

imposing liability "on the individual in his personal capacity," it may cause "anomalous consequences" to disregard the fiduciary shield doctrine. Id. at 524. Therefore, "[t]he fiduciary shield doctrine may be ignored in two circumstances: (1) where the corporation is the agent or alter ego of the individual defendant; or (2) by virtue of the individual's control of, and direct participation in the alleged activities." j2 Glob. Commc'ns, Inc., 2009 WL 29905, at *5. Accordingly, the fiduciary shield doctrine precludes a finding of general jurisdiction based upon Lambert's contacts with California in her corporate capacity, insofar as those contacts are unrelated to plaintiff's claims.

Plaintiff does not allege Travertine to be the alter ego of Lambert. Nor does plaintiff argue that his claims arise out of the foregoing general contacts between Lambert and California. Plaintiff's claims arise out of a handful of phone calls, only one of which was by Lambert. Standing alone, those calls do not support a finding of general jurisdiction.

**B.  Specific Jurisdiction**

As already discussed, the fiduciary shield doctrine does not preclude a finding of specific jurisdiction over a corporate officer where jurisdiction is based upon conduct giving rise to plaintiff's claims. Davis, 885 F.2d at 522. If a defendant's conduct is directed at a forum and may create tort liability for a defendant, courts find personal jurisdiction, notwithstanding the defendant's relationship to a corporate employer. See Wolf Designs, Inc. v. DHR Co., 322 F.Supp.2d 1065, 1072 (C.D. Cal. 2004) (corporate officer is subject to personal jurisdiction where she authorizes, directs, or is "central figure" in allegedly tortious conduct giving rise to jurisdiction); Kukui Gardens Corp. v. Holco Capital Grp., Inc., 664 F. Supp. 2d 1103, 1112 (D. Haw. 2008) (same). Accordingly, for purposes of specific jurisdiction, the Court's analysis is little altered by the fiduciary shield doctrine.

Plaintiff's only claim against Lambert is his claim of intentional infliction of emotional distress. According to plaintiff, Lambert directed Moore to refuse plaintiff's request for a personal day. Lewis Decl. ¶ 13. Furthermore, plaintiff alleges that Lambert called plaintiff during his wife's medical appointment in Arizona. Complaint ¶ 55. Plaintiff claims that the foregoing constitutes intentional infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

    Where allegedly tortious actions are taken by an individual outside California, they may support a finding of specific jurisdiction where "the brunt of the harm, in terms both of respondent's emotional distress . . . was suffered in California. In sum, California is the focal point both of the story and of the harm suffered." Calder v. Jones, 465 U.S. 783, 789 (1984). The "effects test" established in Calder:

> may be satisfied if the defendant is alleged to have (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum state.

Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1131 (9th Cir. 2003).

    The parties agree that, at all relevant times, Lambert was outside California. The parties also agree that plaintiff was in Arizona when he requested a personal day to tend to his wife's health and when Lambert called him to terminate him. Plaintiff resides in Arizona. Lambert allegedly insisted that plaintiff travel to California, but plaintiff's refusal to do so is what led to the alleged tort. Under the circumstances, there is no basis for concluding that Lambert's allegedly tortious conduct was aimed at California, let alone that the brunt of the harm was suffered in California. Presumably, since plaintiff resides in Arizona, he experiences the alleged emotional distress in Arizona. Accordingly, plaintiff's claim against Lambert does not arise out of or relate to actions by Lambert that were directed at California. Absent such a showing, there is no basis for subjecting Lambert to specific jurisdiction in California.

    Because plaintiff has not made a prima facie showing of personal jurisdiction over Lambert, Lambert's motion is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-00016-CAS (JCx) | Date | February 27, 2017 |
|---|---|---|---|
| Title | RYAN LEWIS V. TRAVERTINE, INC. ET AL. | | |

## V.   CONCLUSION

Lambert's motion to dismiss is **GRANTED**. Plaintiff's claim against Lambert is **DISMISSED without prejudice**. Plaintiff is granted **14 days leave** in which to file an amended complaint.[3]

IT IS SO ORDERED.

|  | 00 | 05 |
|---|---|---|
| Initials of Preparer | CMJ | |

---

[3] During oral argument, plaintiff requested leave to amend the complaint and set forth allegations demonstrating that Travertine is an alter ego of Lambert. On that basis, plaintiff is granted 14 days, commencing on the date of this order, in which to file an amended complaint.