# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-00016-CAS (JCx) | Date | July 12, 2017 |
|---|---|---|---|
| Title | LEWIS V. TRAVERTINE, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR CERTIFICATION OF ORDER DISMISSING CHRISTINE LAMBERT (Filed June 22, 2017, Dkt. 28)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; CD. Cal. L.R. 7-15. Accordingly, the hearing date of July 24, 2017, is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On November 23, 2016, plaintiff Ryan Lewis filed a complaint in Los Angeles County Superior Court against defendants Travertine, Inc. ("Travertine") and Christine Lambert. Dkt. 1, Ex. 1. On January 3, 2017, defendants removed this action to federal court based on federal question jurisdiction. Dkt. 1, Notice of Removal.

On January 10, 2017, Lambert filed a motion to dismiss for lack of personal jurisdiction, dkt. 7, which, on February 27, 2017, the Court granted, dkt. 14. In its February 27, 2017 order, the Court granted plaintiff leave to amend his claims against Lambert. Id. On March 7, 2017, plaintiff filed a First Amended Complaint ("FAC") alleging four claims, namely, (1) wrongful termination in violation of public policy; (2) retaliatory termination in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. and in violation of the California Family Rights Act ("CFRA"), California Government Code, § 12945.2; (3) failure to pay wages in violation of California Labor Code § 203; and (4) intentional infliction of emotional distress. Dkt. 15. Only plaintiff's fourth claim was alleged against Lambert. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00016-CAS (JCx) | Date | July 12, 2017 |
| Title | LEWIS V. TRAVERTINE, INC. ET AL. | | |

On March 21, 2017, Lambert filed a second motion to dismiss for lack of personal jurisdiction, dkt. 17, which, on April 24, 2017, the Court granted, dkt. 24.

On June 22, 2017, plaintiff filed a motion for entry of partial final judgment against Lambert so that he may appeal the Court's April 24, 2017 order. Dkt. 28. On June 30, 2017, Travertine[1] filed an opposition. Dkt. 29. On July 10, 2017, plaintiff filed a reply. Dkt. 31.

Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The gravamen of plaintiff's FAC is that he was wrongfully terminated by Travertine and that Travertine failed to make various payments to which he was entitled. Plaintiff also alleges that Travertine, and its president, Lambert, intentionally caused him emotional distress by terminating his employment for failure to report to work in California while attending a stressful medical appointment with his wife in Arizona, where he and his wife live.

Lambert is a resident and citizen of Oklahoma. She is also owns a substantial portion of Travertine and allegedly caused Travertine to terminate plaintiff's employment.

## III. DISCUSSION

"An order dismissing one party for lack of personal jurisdiction while allowing suit to continue against the remaining defendants is not a final, appealable order, absent an express determination that there is no just reason for delay and . . . an express direction for the entry of judgment." Special Investments, Inc. v. Aero Air, Inc., 360 F.3d 989, 993 (9th Cir. 2004) (quotation marks omitted). Thus, in order to appeal the Court's order dismissing Lambert for lack of personal jurisdiction, plaintiff must seek partial final judgment. Pursuant to Federal Rule of Civil Procedure 54(b), when an action presents claims against multiple defendants:

---

[1] There is no indication that Lambert joins in Travertine's opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　‘O’

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00016-CAS (JCx) | Date | July 12, 2017 |
| Title | LEWIS V. TRAVERTINE, INC. ET AL. | | |

the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Proc. 54(b). "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case. 'The Rule 54(b) claims do not have to be separate from and independent of the remaining claims.'" Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991) (quoting Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir.1987). Where "jurisdictional claims" are "easily severable from the merits of the lawsuit," the court has discretion to grant a Rule 54(b) certification of the jurisdictional claim if it "would serve the efficient administration of justice." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993). The efficient administration of justice may be served by resolving jurisdictional issues at the outset of litigation because it "may obviate the need for a second trial."[2] Id. Thus, where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts routinely find no just reason for delay of entering

---

[2] As the Ninth Circuit has noted, use of the word "certification" in the context of a Rule 54(b) order may be misleading because it "brings to mind the kind of rigorous judgment embodied in the [28 U.S.C.] section 1292(b) certification process. In reality, issuance of a Rule 54(b) order is a fairly routine act . . . ." and does not require any finding that an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). In contrast to a section 1292(b) "certification" that an order involves a controlling question of law, a Rule 54(b) order only requires a finding that partial judgment has been rendered and that there is no just cause for delay in issuing a final judgment as to certain claims or parties. Id. Once a final judgment has been entered pursuant to Rule 54(b), an appellate court may have jurisdiction over an appeal from that judgment pursuant to 28 U.S.C. § 1291, regarding appeals from final decisions, without recourse to 28 U.S.C. § 1292(b), regarding appeals of interlocutory orders. Id. Thus, Rule 54(b) requires "a lesser showing" than certification of an interlocutory appeal. Bush v. Adams, 629 F. Supp. 2d 468, 471 (E.D. Pa. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' |
| Case No. | 2:17-cv-00016-CAS (JCx) | Date | July 12, 2017 |
| Title | LEWIS V. TRAVERTINE, INC. ET AL. | | |

final judgment in favor of those dismissed defendants. See e.g. id. (affirming Rule 54(b) certification where some, but not all, parties were dismissed for lack of personal jurisdiction); Freeney v. Bank of Am. Corporation, Case No. 15-cv-2376-JGB, 2017 WL 382228 (C.D. Cal. Jan. 25, 2017) (granting a Rule 54(b) certification where only one defendant had obtained dismissal on jurisdictional grounds); Lorenzo Martinez et al. v. Aero Caribbean et al., Case No. 11-cv-03194-WHA, dkt. 83 (N.D.Cal. June 2, 2014) (same); Grand River Enterprises Six Nations, Ltd. v. Pryor, Case No. 02-cv-5068-JFK, 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004), aff'd, 425 F.3d 158 (2d Cir. 2005) ("While the Court in no way hesitates as to the propriety of its [personal jurisdiction] orders, . . . [granting a Rule 54(b) certification] better serves judicial economy in the event of a reversal."); Bush v. Adams, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009) ("Courts have routinely entered judgment under Rule 54(b) in multi-defendant cases where some but not all defendants are dismissed for want of personal jurisdiction."). Indeed, as one court has observed, "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction." Animale Grp., Inc. v. Sunny's Perfume, Inc., Case No. 13-cv-507-MA, 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007).

In light of the foregoing, the Court finds no just reason for delay here. Plaintiff's claims against Lambert have been dismissed with prejudice for lack of personal jurisdiction. Furthermore, the jurisdictional questions presented by Lambert's motions to dismiss are severable from the remaining claims in this case. Accordingly, the Court orders that such judgment be entered pursuant to Federal Rule of Civil Procedure 54(b).

## IV. CONCLUSION

Plaintiff's motion for entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) is **GRANTED**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |